# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HURRICANE LUMBER CO. v. LOWE.

### November 18, 1909.

### Absent, Buchanan, J.

1. STATUTE OF FRAUDS—*Sale of Standing Trees.*—A contract for the sale of trees and their immediate removal is a contract for the sale of personal property, and so is not within the statute of frauds.

2. EVIDENCE—*Admissibility—Harmless Error—Sale of Standing Trees.* Where, in an action to recover the price of standing trees sold by the plaintiff to the defendant, it is sufficient for the purpose of the plaintiff to show possession, the fact that the trial court permitted the plaintiff to offer in evidence a deed to himself from A, whereas, in a written agreement between the parties to the action it was stated that he claimed under B, was, at most, harmless error, where there was nothing in the bill of particulars filed by the plaintiff which required the exclusion of said deed.

3. PLEADING—*Grounds of Defense—Amendment—Accident—Mistake.* A motion to amend the statement of grounds of defense is addressed to the sound discretion of the court and should generally be allowed where any element of accident, surprise or mistake renders it advisable to amend a pleading at trial, but it is properly refused where the new matter sought to be introduced has been known to the parties from the beginning of the action, and they simply neglected to insert it. Defenses not embraced in the statement, nor otherwise set out in the pleadings, cannot be made.

4. DEEDS—*Error in Recording—What Passes to Grantee and His Alienee.*—A purchaser of the *merchantable* timber on a tract of land cannot successfully defend an action for the purchase price thereof by showing a prior recorded deed from his vendor to another party conveying to him "the surface and merchantable timber" on the tract, when the vendor produces the original deed showing that the conveyance was in fact of the surface and *unmerchantable* timber, and that by mistake in transcribing the deed on the deed book the word "merchantable" had

been substituted for "unmerchantable." The deed as executed and delivered shows what was actually conveyed, regardless of the error in recording, and the grantee therein did not take, and hence could not convey to another the merchantable timber on said tract.

5. SALE OF STANDING TREES—*Possession of Vendor—Statute of Frauds.*
A purchaser of standing trees, under a verbal contract, from one in possession thereof, who enters upon the land, cuts down the trees, carries them away and sells them, is bound to his vendor for the purchase price agreed to be paid therefor.

Error to a judgment of the Circuit Court of Buchanan county in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*M. O. Litz* and *Greever & Gillespie,* for the plaintiffs in error.

*Ayers & Smithdeal* and *H. A. & J. K. Routh,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of *assumpsit,* instituted by Lowe to recover of the Hurricane Lumber Company and George J. Walker the value of certain trees sold by verbal contract, and cut down, removed and marketed by the defendants.

*Non-assumpsit* was pleaded, and the grounds of defense stated that, after the verbal contract the defendants discovered that these trees had been conveyed to one John Dotson by a deed of record; that the title to the land on which the trees grew was in litigation in an action of ejectment brought by Henry C. King in the United States Court for the Western District of Virginia, in which King had recovered the land and the timber thereon from one Montville Hunt, under whom plaintiff claimed; and that the judgment in King's favor had been affirmed by the Circuit Court of Appeals; that the contract sued upon, if it ever existed (which the defendants deny), was

a verbal contract and void under the statute of frauds, no memorandum thereof having ever been reduced to writing and signed by the parties to be charged thereby, or their agents; and, finally, that the plaintiff never had any title to the timber trees, and is not entitled to recover in this action.

The jury rendered a verdict for the full amount of plaintiff's claim, $1,223, and we are to review that judgment upon a writ of error.

There was evidence tending to prove all the averments of the plaintiff's declaration—that he had by verbal contract sold to Walker, acting for himself and the Hurricane Lumber Company, trees of the value ascertained by the verdict, all of which the defendants had cut, carried away, marketed and appropriated the proceeds to their own use, and upon demand being made therefor had refused to pay the price, assigning as a reason, and as the only reason at the time of the refusal, that plaintiff had conveyed the land and the timber which grew upon it to Dotson, by deed duly of record and prior in point of time to the contract under which Lowe claims.

It appears, then, that the evidence tends to prove a parol contract, executed in all its parts, except the payment of the purchase price of the subject of the sale.

In *Hurley* v. *Hurley, ante,* p. 31, 65 S. E. 472, it was held that plaintiff should have been allowed to prove purchase by him from defendant, by parol contract, of the trees in question, paying the purchase price in full; and that parol contracts for the sale of real estate are, under our statute, voidable only and not void.

That case is not complete authority in this, because that case came under section 1906-c of the Code, which provides, among other things, that where the owner of trees has adopted a brand or trade-mark, and impresses "such brand or trade-mark on a log, tree or other marketable timber (it) shall be deemed and held to be a change of ownership and possession."

While the timber in this case was selected, marked and the value of each tree computed by Lowe and the agent of the pur-

·chaser, it does not appear that any brand or trade-mark with respect to the trees was recorded, or indeed that any such brand ·or trade-mark as is contemplated by the statute had been adopted by Lowe.

The contract in this case contemplated the immediate severance of the trees from the land. This converted them into personalty; and, as is said in section 1286 of Minor on Real Property, "The doctrine generally recognized seems to be that in contracts for the sale of things growing upon the land (*fructus naturales*), if the vendee is to have a right to the soil for a time, for the purpose of further growth and profit of what is ·sold, it is an interest in the land, and must be proved in writing. But where the thing is sold in prospect of a separation from the ·soil immediately, or within a reasonable or convenient time, without any stipulation for the beneficial use meanwhile of the ·soil, but· with a mere license, to enter and take it away, it is to be regarded as a sale of goods only, and so not within the statute; and that notwithstanding the thing be at present attached to the soil, and although an incidental benefit may be ·derived to the vendee from the circumstance that the thing may remain for a time upon the land."

In support of the plea of the statute of frauds the plaintiffs in error, during the progress of the trial, objected to all the proof tending to establish a parol contract; and these exceptions ·are set out in bills of exception Nos. 2, 3, 4, 5 and 6. What we have said is sufficient to dispose of them all.

The seventh bill of exceptions is to the admission in evidence ·of a deed from Mrs. Kroll, which was objected to upon the ground that under an agreement in writing between the parties to the action it was stated that Lowe claimed under Montville Hunt; but the court overruled the objection and permitted the deed to be read to the jury.

It is true that the agreement referred to recites a recovery by King in the United States Circuit Court from Montville Hunt ·of the land upon which the timber in controversy grew, and

that Lowe claimed under Hunt. It is not clear what the purpose was in introducing this deed, or what bearing it has upon the issue to be decided. There is, however, nothing in the bill of particulars filed by plaintiff which requires the exclusion of this deed. This is not an action of ejectment. It was sufficient for the purpose of the plaintiff to show possession, and the most that can be said with respect to the deed from Mrs. Kroll is that its admission was, it may be, harmless error for which a judgment otherwise proper should not be reversed.

Plaintiffs in error also sought to introduce proof that the lumber in question had been purchased from the Ritter Lumber Company, but this was objected to, for the reason that it was not stated under the grounds of defense filed by plaintiffs in error.

This is plainly so, as an inspection of the grounds of defense will show, and there was no error in the ruling of the court.

Thereupon the plaintiffs in error moved the court to be allowed to amend their statement of grounds of defense by inserting therein their claim under the Ritter Lumber Company.

This was also properly refused. Such an amendment is addressed to the sound discretion of the court, and should generally be allowed where any element of accident, surprise or mistake renders it advisable to amend a pleading at trial; but the fact here sought to be introduced, if it existed, must have been known to Walker and to the Hurricane Lumber Company from the beginning, and it was their own fault that it was not inserted in their grounds of defense.

It appears from the facts, however, that the real defense relied upon was to be found in the deed from Lowe to Dotson. Lowe was pressing for the money for his lumber, and Walker had drawn a check for the full amount when his counsel discovered upon the records a deed from Lowe to Dotson, dated the 17th of June, and acknowledged and recorded on the 14th day of August, 1905, by virtue of which Lowe conveyed with special warranty of title "the surface and unmerchantable timber stand-

ing and being on said land and same being the land known as the Montville Hunt farm." By some accident it appears that when the deed went to record it was transcribed as conveying the surface and *merchantable* timber; and thereupon the check for the purchase money was withheld and the Lumber Company and Walker refused to complete their purchase by the payment of the price. Lowe produced the original deed and explained the mistake, but for reasons satisfactory to themselves the vendees still refused payment and repudiated the contract.

At the instance of the defendant in error the court instructed the jury that the deed to Dotson conveyed only the surface and unmerchantable timber, and reserved all merchantable timber; that the deed from Dotson to Walker, under which plaintiffs in error claim, conveyed only such timber as was not reserved by plaintiff in his deed to Dotson, and that Walker acquired no title to any merchantable timber; that if they believed from the evidence that the trees mentioned in the declaration were merchantable timber, standing on land conveyed by Lowe to Dotson, and that defendants purchased the trees from the plaintiff at a fixed price, under an agreement by which they were to be cut down and removed in a short time, and that they were cut down and removed as agreed, then the plaintiff is entitled to recover the price agreed upon with interest thereon from the time it should have been paid; that if they believed from the evidence that Walker bought the trees from the plaintiff as alleged in the declaration, and made out a check in full for the price and delivered it to defendant's attorney, to be delivered by him to the plaintiff after an examination of plaintiff's title, and further believe that upon an examination of the deed from Lowe to Dotson as it appeared of record in the clerk's office, said deed purported to convey the surface and all the merchantable timber, except such as had been sold, and that thereupon defendants declined to pay plaintiff for the timber, and thereafter attempted to purchase and acquire title thereto by the deed from Dotson to Walker, and that the defendants afterwards cut, re-

moved and appropriated the timber and declined to pay plaintiff, for the reason that the deed from Lowe to Dotson, as recorded, purported to convey all merchantable timber as above stated, then, if the jury so believe, they should find for the plaintiff and fix his damages at the sum of $1,223, with interest from the time said trees were removed by the defendants.

These instructions seem to us to be entirely proper, and they cover the case.

The instructions asked for by the plaintiffs in error rely upon the statute of frauds, and upon the proposition that the defendant in error could not recover under the second count in his declaration, for the reason that he failed to show title to the trees in controversy.

The trees were in the possession of defendant in error; the verbal contract with respect to them ascertained the trees that were sold and their value; and acting under and by virtue of this contract the plaintiffs in error entered upon the land, cut down, carried away and sold those trees. For reasons already given we are of opinion that under the circumstances disclosed by this record the contract, being for the sale of the trees and their immediate removal, was for the sale of goods only, and not of an interest in real estate, and so not within the statute of frauds.

We are of opinion that the jury were properly instructed; that the evidence is sufficient to support the verdict, and that the judgment should be affirmed.

*Affirmed.*